# Deppen, Appellant, *v.* Light.

*Deceit—False statements—Evidence.*

To establish an action to recover damages alleged to have been sustained by reason of false and fraudulent statements made by the defendant concerning the value of certain bonds and shares of stock, which the plaintiff purchased on the defendant's recommendation, it is essential for the plaintiff to prove that the statements were untrue, and that they were made in bad faith.

Argued Feb. 28, 1910. Appeal, No. 308, Jan. T., 1909, by plaintiff, from judgment of C. P. Berks Co., March T., 1908, No. 63, on verdict for defendant, in case of Anna I. Deppen v. Wellington W. Light. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass for deceit.

At the trial STEVENS, J., charged as follows:

The plaintiff, Anna I. Deppen, has brought this action against the defendant, Wellington W. Light, to recover damages, alleging that she was induced by false and fraudulent representations to make certain purchases of stock from the defendant.

This action is what is known in law as an action of fraud or deceit, and it is incumbent upon the plaintiff to offer positive proof, not only that the representations were made, but that the representations which were made were false and fraudulent.

It appears that on April 7, 1903, the plaintiff went to the defendant and purchased twenty shares of the capital stock of the National Brass & Iron Works, fourteen shares of the capital stock of the Montello Brick Works and ten shares of the Lebanon Valley Iron Works. It is conceded that the stock of the Lebanon Valley Iron Works is good, and all the testimony that has been offered has been con-

cerning the truth of the representations made as to the value of the other stocks.

It appears from the plaintiff's own testimony that the stocks at that time were marketable stocks selling at about the price, at the exact price, at which they were sold to the plaintiff, and there is no evidence here concerning the falsity of the representations made at the time. It may be unfortunate that afterward some of these enterprises failed, but the evidence which the jury must consider is that which relates to the time when the sale was made. I find in this testimony no positive evidence in support of the various allegations made by the plaintiff, and I therefore direct you to find a verdict in favor of the defendant.

*Error assigned* was in giving binding instructions for defendant.

*E. H. Deysher*, for appellant.

*C. H. Ruhl*, with him *J. Milton Miller*, for appellee.

PER CURIAM, April 25, 1910:

This was an action to recover damages alleged to have been sustained by reason of false and fraudulent statements made by the defendant concerning the value of certain bonds and shares of stock which the plaintiff purchased on his recommendation. To establish her action it was essential that she should prove that the statements were untrue and that they were made in bad faith. The learned trial judge found that she did not prove either and directed a verdict for the defendant. We find no reason to doubt the correctness of his conclusion. The judgment is affirmed.